**IN THE UNITED STATES DISTRICT COURT**
**OF THE EASTERN DISTRICT OF TEXAS**
**TEXARKANA DIVISION**

| | | |
|---|---|---|
| **TAMMY FOREMAN** | § | |
| | | |
| **VS.** | § | **CIVIL ACTION NO. 5:09-CV-00091** |
| | | |
| **COMMISSIONER OF SOCIAL** | | |
| **SECURITY ADMINISTRATION** | § | |

### MEMORANDUM ORDER

The above-entitled and numbered civil action was heretofore referred to United States Magistrate Judge Caroline M. Craven pursuant to 28 U.S.C. § 636. The Report of the Magistrate Judge which contains her proposed findings of fact and recommendations for the disposition of such action has been presented for consideration. Plaintiff filed objections to the Report and Recommendation. The Court conducted a *de novo* review of the Magistrate Judge's findings and conclusions.

Plaintiff objects to the Magistrate Judge's recommendation that Plaintiff's above-entitled and numbered social security cause of action be affirmed. Specifically, Plaintiff asserts the Magistrate Judge failed to make a proper credibility finding by disregarding her subjective complaints of knee, chest, and back pain. Plaintiff further asserts the Magistrate Judge did not take into account Plaintiff's testimony regarding her residual functional capacity and her inability to sit and stand in combination for up to eight hours at a time nor did the Magistrate Judge properly consider her borderline range of intellectual functioning and the fact Dr. Wright found a GAF of 40, indicating a major impairment. Finally, Plaintiff asserts the Magistrate Judge did not properly consider the finding that a bone scan of Plaintiff's knees dated June 19, 2007 showed increased uptake in both knees. According to Plaintiff, this reveals she suffers chronic pain, and this was not properly

considered by the ALJ or the Magistrate Judge.

In addressing the ALJ's credibility finding, the Magistrate Judge considered Plaintiff's alleged knee, chest, and back pain. Each time, the Magistrate Judge found that the ALJ correctly determined Plaintiff's subjective complaints of pain were not supported by the medical evidence. The Court agrees Plaintiff's subjective complaints are inconsistent with the objective medical evidence of record.

In addition, contrary to Plaintiff's assertions, the Magistrate Judge specifically considered Plaintiff's testimony regarding her alleged inability to sit and stand in combination for eight hours at a time (Report and Recommendation at pgs. 9 & 17); Plaintiff's borderline intellectual functioning; and Dr. Wright's assessment of a GAF of 40 (*Id.* at pgs. 12-14). The Court agrees with the Magistrate Judge that a GAF of 40 is inconsistent with Plaintiff's activities and with Dr. Wright's opinion that Plaintiff did not have a clinically significant problem with concentration, persistence, or pace. A state agency psychologist evaluated Plaintiff with no significant limitations in various areas and only moderate limitations in other areas such as her ability to understand, remember, and carry out detailed instructions. Importantly, the state agency psychologist determined that Plaintiff was able to perform work where interpersonal contact is incidental to the work performed and where the level of supervision required is simple, direct, and concrete. The Court agrees the ALJ correctly accounted for Plaintiff's mental limitations in his residual functional capacity determination, when he limited Plaintiff to work where interpersonal contact is incidental to the work performed; complexity of tasks is learned and performed by rote; and where little supervision is required for routine tasks.

The Court is of the opinion that the findings and conclusions of the Magistrate Judge are

correct. The Magistrate Judge correctly held the Administrative Law Judge's decision was supported by substantial evidence. Therefore, the Court hereby adopts the Report of the United States Magistrate Judge as the findings and conclusions of this Court. Accordingly, it is hereby

**ORDERED** that the above-entitled Social Security action is **AFFIRMED**.

**SIGNED this 28th day of July, 2010.**

_____
DAVID FOLSOM
UNITED STATES DISTRICT JUDGE